**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

SHAMBRICA WASHINGTON,

        Plaintiff,

   v.

FREEDOM MORTGAGE,

        Defendant.

1:20-cv-09332-NLH-AMD

**OPINION**

---

**APPEARANCES**:

SHAMBRICA WASHINGTON
8625 BRAESWOOD POINT
APT 1
COLORADO SPRINGS, CO 80920

   *Plaintiff appearing pro se*

JOSHUA M. LINK
DINSMORE & SHOHL LLP
1200 LIBERTY RIDGE DRIVE
SUITE 310
WAYNE, PA 190878

   *On behalf of Defendant Freedom Mortgage*

**HILLMAN**, District Judge

    This matter concerns claims by Plaintiff, Shambrica Washington, appearing *pro se*, regarding how her mortgage company, Defendant Freedom Mortgage Corporation, has allegedly reported inaccurate information to the credit bureaus about the status of a mortgage on a house she purchased in Georgia in 2011 and refinanced with Freedom Mortgage in 2012.  Plaintiff claims that Freedom Mortgage is continuing to report that her account

is open and pending foreclosure when the Georgia house was sold in a foreclosure sale on August 11, 2017, and the balance was paid in full on December 14, 2017 by the VA.  Plaintiff claims that she first complained to Freedom Mortgage about the inaccurate information on April 2, 2018, but Freedom Mortgage has refused to correct the inaccuracy.

In her complaint, which was filed in New Jersey state court and removed to this Court, Plaintiff claims that Freedom Mortgage has violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.[1]  More specifically, Plaintiff alleges that Freedom Mortgage has violated 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681(i).  Freedom Mortgage has moved to dismiss Plaintiff's complaint because the provisions upon which Plaintiff bases her FCRA claims are only applicable to consumer reporting agencies, and Freedom Mortgage is not a "consumer reporting agency" as defined by the FCRA.[2]  Instead, Freedom

---

[1] This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

[2] 15 U.S.C. § 1681a(f) provides, "The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."

Mortgage is a "furnisher of information" under the FCRA.[3] Freedom Mortgage also argues that even if Plaintiff cited to the FCRA provisions applicable to "furnishers of information," 15 U.S.C. § 1681s-2 ("Responsibilities of furnishers of information to consumer reporting agencies"), Plaintiff has failed to plead the necessary elements to support such a violation of the FCRA.

In response to Freedom Mortgage's motion to dismiss, Plaintiff filed a motion for leave to file an amended complaint. Attached to her motion, and in partial compliance with Local Civil Rule 15.1(a), is a proposed amended complaint.[4] (Docket No. 8.) Plaintiff's proposed amended complaint asserts the same substantive allegations against Freedom Mortgage, and refers to 15 U.S.C. § 1681i(a)(1), (3), (5), (6) ("Procedure in case of disputed accuracy"). Plaintiff also asserts for the first time counts for defamation and intentional infliction of emotional distress.

---

[3] Under the FCRA, "[credit reporting agencies or 'CRAs'] collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." Seamans v. Temple University, 744 F.3d 853, 860 (3d Cir. 2014).

[4] L. Civ. R. 15.1(a) requires attaching "a copy of the proposed amended pleading," which "shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added." Plaintiff provides a proposed amended complaint but she does not indicate how it differs from her original complaint.

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). The Third Circuit has shown a strong liberality in allowing

4

amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).  An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

    The Court will grant Freedom Mortgage's motion to dismiss, deny Plaintiff's motion to file the amended complaint attached to her motion to amend, and provide Plaintiff with 30 days to file an amended complaint, if she can do so in consideration of the following:

    1.  Plaintiff's current complaint and her proposed amended complaint allege violations of the FCRA that pertain to credit reporting agencies and not "furnishers of information" such as Freedom Mortgage.  The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010).  The FCRA places certain duties on credit reporting agencies and those who furnish information to consumer reporting agencies.  The furnisher of information has a duty to

5

provide accurate information to the credit reporting agency, 15 U.S.C. § 1681s-2(a), and the credit reporting agency must investigate promptly any reports of inaccuracies, 15 U.S.C. § 1681s-2(b). The FCRA has several provisions that create liability for violations of the Act, but some cannot be used by a private individual to assert a claim for a violation of § 1681s-2(a), as such claims are only available to the Government. SimmsParris v. Countrywide Financial Corp., 652 F.3d 355, 358 (3d Cir. 2011).

Although a private citizen may bring an action under 15 U.S.C. § 1681s-2(b) against a furnisher, this cause of action is not without limitations. Id. The duties that are placed on furnishers of information by this subsection are implicated only "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1). Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer. Id. (citation omitted).

To state a viable claim under the FCRA regarding the interplay between the furnisher and the credit reporting agency, a plaintiff must allege that she "(1) sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the

dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." Gittens v. Sterling Jewelers Inc., 2016 WL 828098, at *2 (D.N.J. 2016) (citing SimmsParris, 652 F.3d at 358). "The furnisher's duty to investigate is not triggered until it receives notice from the credit reporting agency of the consumer's dispute." Id. (citations omitted).

Plaintiff's complaint and proposed amended complaint fail to cite to 15 U.S.C. § 1681s-2 regarding the duties of a furnisher such as Freedom Mortgage, and they fail to aver violations of the provisions applicable to Freedom Mortgage. Nonetheless, Plaintiff's proposed amended complaint alleges that (1) Plaintiff notified several CRAs about Freedom Mortgage's reporting of the incorrect status of her mortgage, (2) both Plaintiff and several CRAs notified Freedom Mortgage of this error, and (3) despite being notified of this error by the CRAs, Freedom Mortgage failed to investigate and modify the information. (Docket No. 8 at 12.)

These allegations would be sufficient to support a FCRA-violation count against Freedom Mortgage if they were premised on 15 U.S.C. § 1681s-2. Thus, even though her current complaint and her proposed amended complaint do not properly aver the FCRA provisions applicable to Freedom Mortgage, the Court will grant Plaintiff leave to file an amended complaint with regard to her FCRA violation claims because it would not be inequitable or

7

futile for her to do so. Plaintiff shall keep in mind the provisions of the FCRA applicable to Freedom Mortgage as a furnisher, as well as the elements to properly state a FCRA claim against a furnisher when filing her amended complaint.

2. In contrast to Plaintiff's FCRA claims, the Court finds that Plaintiff's claims for defamation and intentional infliction of emotional distress asserted in her proposed amended complaint fail to state cognizable claims. Plaintiff alleges, "When a representative of Freedom Mortgage reported inaccurate information to the credit bureaus pertaining to the Plaintiff's Mortgage it gave creditors the impression that the plaintiff was not trustworthy enough to obtain credit. . . . . When Freedom Mortgage continued to report inaccurate information the credit bureaus it had an adverse affect [sic] on how creditors viewed the Plaintiff." (Docket No. 8 at 11.) Plaintiff also alleges that by failing to correct the information about her loan, Freedom Mortgage intentionally inflicted emotional distress onto her, and the "mental anguish caused by the defendant will leave and has left a devastating impact on the Plaintiff and her family." (Id. at 13.)

Both of these causes of action against Freedom Mortgage as a furnisher appear to be preempted by the FCRA. Section 1681t(b)(1)(F) of the FCRA states that "[n]o requirement or prohibition may be imposed under the laws of any State ... with

8

respect to any subject matter regulated under ... section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F).  Although not yet addressed by the Third Circuit, several other circuit courts have held that § 1681t(b)(1)(F) preempts all state and common law claims against furnishers of information with respect to all subject matter regulated under § 1681s-2.  Havassy v. Mercedes-Benz Financial Services USA, LLC, 432 F. Supp. 3d 543, 547 (E.D. Pa. 2020) (citing Purcell v. Bank of Am., 659 F.3d 622, 625-26 (7th Cir. 2011) (finding defamation claim preempted by § 1681t(b)(1)(F)); Macpherson v. JPMorgan Chase Bank, N.A., 665 F.3d 45, 47-48 (2d Cir. 2011) (same); Marshall v. Swift River Academy, LLC, 327 F. App'x 13, 15 (9th Cir. 2009) (same); Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 751 (10th Cir. 2009) (finding state libel and false light invasion of privacy claims to be preempted by § 1681t(b)(1)(F)).

"Multiple district courts within the Third Circuit have likewise adopted this conclusion and found that Section 1681t(b)(1)(F) preempts both state statutory and common law claims against furnishers of information acting under Section 1681s-2."  Id. (citing Lalonde v. Bank of Am., N.A., No. 16-1586, 2016 WL 7734690, at *2 (W.D. Pa. Dec. 15, 2016), report and recommendation adopted by 2017 WL 104965 (W.D. Pa. Jan. 11,

9

2017); Prukala v. TD Bank USA, No. 16-0894, 2016 WL 6191912, at *3 (M.D. Pa. Oct. 24, 2016); Cicala v. Trans Union, LLC, Nos. 15-6790, 15-6801, 2016 WL 2622377, at *4 (E.D. Pa. May 9, 2016); Vullings v. Trans Union, LLC, 115 F. Supp. 3d 538, 543 (E.D. Pa. 2015); Grossman v. Trans Union, LLC, 992 F. Supp. 2d 495, 500 (E.D. Pa. 2014); Goins v. MetLife Home Loans, No. 12-6639, 2014 WL 5431154, at *6-7 (E.D. Pa. Oct. 24, 2014); Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 451 (D.N.J. 2010); Cosmas v. Am. Exp. Centurian Bank, 757 F. Supp. 2d 489, 500-01 (D.N.J. 2010)); see also Bertollini v. Harrison, 2019 WL 2296150, at *4 (D.N.J. 2019) (finding that § 1681t(b)(1)(F) expressly preempts Plaintiff's state common law claims for defamation, fraud, and negligence) (citing Cosmos, 757 F. Supp. 2d at 501 ("[S]ection 1681t(b)(1)(F) [ ] encompass[es] both statutory and common law claims[.]"); Burrell, 753 F. Supp. 2d at 451 ("[Section 1681t(b)(1)(F)] leaves no room for state law claims against furnishers of information . . . , regardless of whether those claims are couched in terms of common law or state statutory obligations."); Tutanji, 2012 WL 1964507, at *7 ("Plaintiff's common law claims pertaining to Defendant's credit reporting are preempted pursuant to 15 U.S.C. § 1681t(b)(1)(F).")).

Importantly, the FCRA provides the relief that Plaintiff seeks for her common law claims. See Reilly v. Vivint Solar, 2021 WL 261084, at *9 (D.N.J. 2021) (citing 15 U.S.C. §

10

1681o(a); 15 U.S.C. § 1681n(a)) (other citations omitted) (explaining that a plaintiff may recover actual damages for negligent violations of the FCRA, including emotional distress damages, and she may recover actual, punitive, or statutory damages for willful violations of the FCRA); see also Cortez v. Trans Union, LLC, 617 F.3d 688, 719-20 (3d Cir. 2010) (explaining that the fact that a plaintiff's injuries relate to the stress and anxiety caused by a defendant's conduct "is precisely the kind of injury that Congress must have known would result from violations of the FCRA").  In sum, because the common law claims in Plaintiff's proposed amended complaint are preempted by the FCRA, the Court finds it would be futile to permit Plaintiff to file an amended complaint to assert these claims.

## **CONCLUSION**

The Court will grant Freedom Mortgage's motion to dismiss Plaintiff's complaint.  The Court will deny Plaintiff's motion for leave to file the proposed amended complaint submitted in support of her motion.  The Court will provide Plaintiff with 30 days to file an amended complaint, without the need for an accompanying motion, that is compliance with the Court's direction above.  An appropriate Order will be entered.

Date: March 23, 2021                        s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.